[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10247

_____

D. C. Docket No. 04-00112-CV-T-MSS

KENNETH L. BURTON,
JULIUS HENRY, JR.,
HOLLIS DAVIS,
WAYNE E. POOLE,

                                        Plaintiffs-Appellees,

versus

HILLSBOROUGH COUNTY, FLORIDA,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 18, 2006)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and JORDAN[*], District Judge.

_____

[*]Honorable Adalberto Jordan, United States District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

Hillsborough County, Florida, appeals the district court's grant of summary judgment in favor of county employees seeking overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The County argues, among other things, that the time an employee spends driving a county vehicle to and from a secure county-owned location and the employee's job site is not compensable under the FLSA. We disagree, and affirm.

## I.

At all times relevant to this action the employees worked for Hillsborough County's Public Works Department under the title of Engineer I and/or Engineer II. Their duties consisted of driving to public works job sites throughout the County and inspecting the work of subcontractors at those sites. The employees drove county-owned vehicles each day to get from site to site. County policy, however, prohibited the employees from taking the vehicles home at the end of the workday. Instead, the policy required them to drive their personal vehicles to a secure county-operated or owned site (the "parking site"), like a fire station, drop off their personal vehicles, pick up the county vehicles, and drive those county vehicles to their respective work sites. At the end of each work day, the employees then had to return the county vehicles to the parking site and retrieve their own

2

vehicles before returning home.

The county vehicles assigned to each employee contained tools and equipment which the employees used to perform their jobs.[1] The vehicles also served as satellite offices for the employees where they could perform work at the job sites. The employees were required to leave those tools and equipment locked in the county vehicles at the parking sites at the end of their workdays. The County assumed all maintenance and fuel costs for the vehicles. The employees, however, were not paid for the time spent driving from the parking site to the first work site at the beginning of the day or from the last work site back to the parking site at the end of the work day.

In January of 2004, some of these employees brought an action under the FLSA, alleging that the County had incorrectly classified their positions as "exempt" from receiving overtime pay, and that they were entitled to overtime compensation for time spent commuting in county vehicles. By April of 2005, the parties reached a limited settlement agreement in which the County agreed that it had inaccurately classified the plaintiffs as exempt. The parties, however, did not agree on whether the employees were entitled to overtime compensation under the

---

[1]Among the tools and equipment stored in the truck were hard hats, safety vests, measuring wheels, tape measures, cloth tape, levels, spray paint, six-foot wood rulers, office supplies, street finders, phone books, project plans and specifications, project files, daily report forms, and reference manuals.

FLSA for time spent driving in county vehicles to and from the County's parking sites and the job sites at the beginning and end of each workday. The parties subsequently filed cross-motions for summary judgment.

The district court denied the County's motion for summary judgment, concluding that issues of fact existed as to whether under the Portal-to-Portal exception to the FLSA (1) the County parking sites were located within the employees' "normal commuting zones," and (2) the parties had an agreement that the employees would not be compensated for their travel time between the parking site and the job site at the beginning and end of each day. The County alternatively moved for judgment on the pleadings, arguing that the complaint did not sufficiently plead the claim as to overtime for driving to and from the parking sites. The district court summarily denied that motion and explained that the complaint, coupled with subsequent pleadings and hearings, gave the County sufficient notice as to the nature of the employees' FLSA claims.

In that same order, the district court granted the employees' motion for summary judgment, concluding that the travel time was compensable as a matter of law because retrieving and returning the county vehicles containing tools and equipment necessary to perform their jobs constituted a principal activity under the Portal-to-Portal Act, and was therefore compensable travel time under the FLSA.

The district court explained that transport of the tools and equipment in the truck was an integral and indispensable part of the employees' ability to perform the principal activities for which they were employed, that no issue of fact existed as to the importance of the tools to the employees' jobs, and, therefore, that transportation of the tools did not constitute an incidental or *de minimis* part of their job. The court further observed that storage of the vehicles and equipment at secure county facilities principally benefitted the County, and provided further grounds for concluding that the employees' travel time to and from the parking sites was compensable.

On appeal the County presents two arguments. First, it contends that summary judgment in favor of the employees was erroneous, essentially because the vehicles were driven only within the employees' normal commuting areas and an understanding existed between the County and the employees regarding the use of the vehicles. Second, the County argues that it is entitled to judgment on the pleadings because the employees did not sufficiently allege entitlement to overtime compensation for their travel time.

## II.

The district court's summary judgment ruling is reviewed *de novo*. *See Danskine v. Miami Dade Fire Dept.*, 253 F.3d 1288, 1292 (11th Cir. 2001).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "A factual dispute is genuine only if the evidence is such that a reasonable [factfinder] could return a verdict for the non-moving party." *Danskine*, 253 F.3d at 1292.

Likewise, denial of a motion for judgment on the pleadings is reviewed *de novo*. *See Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir.2001). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

### III.

The FLSA requires employers to pay employees at least a specified minimum hourly wage, 29 U.S.C. §206, and no less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, 29 U.S.C. §207. "An employer is not required, however, to compensate an employee for all of the employee's time that is associated with work." *Kavanaugh v. Grand Union*

6

*Co.*, 192 F.3d 269, 272 (2d Cir. 1999). The Portal-to-Portal Act, 29 U.S.C. §250 *et seq.*, which amends the FLSA, identifies those employee activities which are not compensable under the FLSA. An employer is not subject to liability under the FLSA for failure to pay employees overtime compensation for

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a).[2]

Preliminary and postliminary activities, however, are compensable if they are "an integral and indispensable part of the [employee's] principal activities." *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *Dunlop v. City Electric, Inc.*, 527

---

[2]The Employee Commuting Flexibility Act of 1996 ("ECFA") amended the Portal-to-Portal Act by adding the final sentence to § 254 (a), which discusses the "use of an employer's vehicle for travel by an employee . . . ."

F.2d 394, 399 (5th Cir. 1976).[3]  By contrast, an employer is not required to pay employees for otherwise compensable activities if the time spent performing those activities is *de minimis*.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972); *Dunlop v. City Electric, Inc.*, 527 F.2d 394 (5th Cir. 1976).

The issue here is whether the employees are entitled to overtime compensation under the FLSA for time spent driving a county-owned vehicle from the county-owned parking site to the first work-site of the day, and from the last work-site of the day back to the county-owned parking site.  This appeal essentially boils down to the definition of the term "travel" in § 254(a) and, specifically, whether travel time of the type here required by an employer falls within the Portal-to-Portal exception.

Statutory interpretation begins with the language of the statute itself. *See Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108 (1980).  And, as a basic rule of statutory interpretation, we ascribe the plain meaning to the words of a statute.  *See Consol. Bank, N.A., Hialeah, Fla. v. United States Dept. of*

_____

[3]The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*Treasury*, 118 F.3d 1461, 1463 (11th Cir. 1997); *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir.1993). "We are required to look beyond the plain language of the statute only when the language of the statute is unclear or ambiguous, when Congress clearly has expressed an intent contrary to that suggested by the plain language, or when absurd results would ensue from adopting the plain language interpretation." *Consol. Bank*, 118 F.3d at 1463-64 (citing *Alacare Home Health Servs., Inc. v. Sullivan*, 891 F.2d 850, 856 (11th Cir.1990); *Hudgins v. City of Ashburn*, 890 F.2d 396, 405 (11th Cir.1989); *Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1548 (11th Cir.1990)).

First, we observe that § 254(a) does not eliminate employer liability for all work-related travel -- that is, not all work-related travel is non-compensable time. For instance, "[n]ormal travel from home to work [whether at a fixed location or at different job sites] is not worktime" because it is "an incident of employment," and is therefore not compensable. 29 C.F.R. § 785.35.[4] On the other hand, travel from an employer-designated location to the workplace is compensable under the FLSA as that travel constitutes a part of the employee's principal activity. 29 C.F.R. §

---

[4]"This court, as required by *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984), accords significant weight to the statutory interpretation of the executive agency charged with implementing the statute being construed, particularly where, as here, that interpretation is incorporated in a formally published regulation." *Martinez-Mendoza v. Champion Intern. Corp.*, 340 F.3d 1200, 1208 n. 25 (11th Cir. 2003).

785.38. One of the federal regulations, § 785.38, illustrates this distinction between compensable and non-compensable travel:

> Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked.

*See also IBP, Inc. v. Alvarez*, 126 S. Ct. 514, 523 (2005) (relying on the same regulation). This regulation defines the term "traveling" in § 254 (a) (1) as incidental travel -- typically in the form of home-to-work and work-to-home travel -- and not employer-required travel. Consequently, where an employer's mandate or job requirement interrupts an employee's home-to-work and work-to-home path, the travel time necessary for the employee to fulfill that requirement falls outside of exempted activity in § 254 (a), and is therefore compensable under the FLSA. As explained below, this is true even when an employee is using an employer-owned vehicle.

The mere use of an employer-owned vehicle does not eliminate this distinction between incidental or non-compensable travel and required or compensable travel. Thus, where the ECFA says that "the use of an employer-

owned vehicle for travel by an employee . . . shall not be considered part of the employee's principal activities," we read "travel" to take on the same meaning as it possesses in § 254 (a) (1) -- that is incidental travel, usually in the form of home-to-work and work-to-home commuting. *See* 29 C.F.R. § 785.38 (where employee is required to return to employer's premises prior to returning home, that travel time is compensable).[5] Thus, if an employee driving an employer-owned car is *required* to return to the employer's premises after a day's work prior to returning home, that time is compensable under the FLSA. Accordingly, under the ECFA "otherwise non-compensable [traveling] is not compensable merely because the employee uses his employer's vehicle." *United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1117 (10th Cir. 1999). Likewise, otherwise compensable travel time does not become non-compensable simply through the use of an employer-owned vehicle.

Assuming that § 785.38 of the regulations is not clear enough, the legislative history underlying the ECFA is consistent with our reading of § 254 (a). The amendment to the Portal-to-Portal Act was intended to provide "clarification regarding the use of an employer-provided vehicle for travel from an employee's

---

[5]"Identical words used in different parts of the same act are intended to have the same meaning." *Alvarez*, 126 S. Ct. at 523 (quoting *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990)). Thus, the definition of the words "travel" or "traveling" as provided in the regulations applies throughout the statute.

11

home to the first work location at the start of the workday and from the last work location to the employee's home at the end of the workday." H.R. Rep. 104-585, at 4 (1996). It was further intended to "limit[ ] non-compensable travel to travel between the employee's home and work sites within the normal commuting area of the employer's establishment or service area." *Id.* The ECFA, then, must be read as a modification to § 254 (a) (1) and (2) to account for the use of an employer's vehicle when employees are engaged in the kinds of activities exempted in subsections (1) and (2), rather than as an entirely new category of exempted activity (e.g., a blanket exclusion for *all* travel in an employer's vehicle within the normal commuting area where an agreement exists). Thus, if an employee uses an employer's car for (1) travel (meaning travel to and from home and the place of principal activity, *see* 29 C.F.R. §§ 785.35 and 785.38), or (2) incidental or preliminary and postliminary activities, that time is non-compensable.[6]

---

[6]In *Baker v. GTE North, Inc.*, 110 F.3d 28, 30-31 (7th Cir. 1997), GTE sponsored a program which allowed employees to bring their GTE-owned vehicles -- used during the day to travel to job sites -- home at the end of the workday. The plaintiff, who participated in the GTE program, elected to park the GTE vehicle a block away from his home and walk the rest of the way rather than park at home. He then brought suit against GTE demanding overtime compensation for the travel time from the job site to the parking site. The Seventh Circuit held that the ECFA extended beyond the normal work-to-home situation to a case in which an employee elected not to bring the vehicle home. The *Baker* court observed that "an employee who leaves the company car in a parking lot a block away from his house and walks the rest of the way does not become entitled to compensation for driving time, while the employee who pulls into the driveway goes unpaid." *Id.* at 31.

*Baker* is inapposite to this case primarily because, unlike the employees in *Baker*, the employees here are not permitted to drive the county vehicles home. They are instead required to park the vehicles overnight in a facility closest to the job site.

12

Here the parties do not dispute that the county policy prohibited employees from taking the county vehicles home at night. Employees were instead required to park their county vehicles at the 24-hour secured count facility location closest to the construction project to which the employee was assigned.[7] This case does not involve home-to-work travel in a company vehicle, and therefore, falls outside the ambit of ECFA non-compensable travel time in an employer's vehicle.

---

[7]The Hillsborough County Director of Public Works, Robert Gordon, stated in his affidavit that the employees were permitted to use their personal vehicles, rather than county-issued vehicles, to visit the work sites; that the employees could park their county vehicles at the parking site of their choice (e.g., a site closest to their homes); that the County encouraged employees to park the county vehicle at sites closest to their respective homes; and that the agreement the employees signed -- which stated that they were required to park their county vehicles at sites closest to the work sites -- was loosely enforced by allowing employees to park close to their homes. Based on Mr. Gordon's affidavit, the County argues that issues of fact exist as to whether the drive to and from the county parking sites was compensable -- namely whether the use of county vehicles was strictly voluntary, and whether employees were permitted to park the county vehicles at sites close to their homes -- the suggestion being that if the employees parked close to their homes, they would be in a similar position to employees who could take their vehicles home and would fall into the Portal-to-Portal exception. The employees contended before the district court and here at oral argument that the affidavit constitutes inadmissible hearsay and that it cannot be considered at summary judgment. We do not, however, reach the hearsay issue because we find that Mr. Gordon's affidavit does not create issues of fact or alter the outcome on appeal.

Aside from Mr. Gordon's affidavit that the County loosely enforced the requirement that the vehicles be parked at sites close to the work sites, the County has not adduced any records or documents to suggest that the employees were not required to park at a parking facility closest to the work site or that the employees did park at sites closest to their homes. Nor does the record, either in Mr. Gordon's affidavit or elsewhere, contain any evidence suggesting that the employees were permitted to park at their homes. To the contrary, the record contains copies of the county policy, signed by the employees, requiring them to park the county vehicles at approved locations closest to the work sites. In light of the signed policies, a reasonable fact finder could not conclude that the employees were permitted to park wherever they chose, let alone at a site that was most convenient to them. Because there is not a genuine issue of fact as to the County's requirement that the employees park close to the work site rather than close to home, summary judgment in favor of the County is not appropriate as a matter of law. *See Danskine v. Miami Dade Fire Dept.*, 253 F.3d 1288, 1292-93 (11th Cir. 2001) (internal citations and quotation marks omitted).

13

Likewise, the issue is not whether the time for which the employees seek overtime pay constitutes "traveling to and from the actual place of performance of the principal activity," § 254 (a) (1), because, as we will explain, the employees' workday could not begin until they arrived at the parking site and retrieved the county vehicles -- making the act of retrieving the vehicle a "principal activity" and, therefore, the parking site itself "a place of actual performance." Instead, the issue is whether the time spent traveling to and from the county parking sites and the work sites at the beginning and end of each day is compensable time.

In *Dunlop v. City Electric, Inc.*, 527 F.2d 394 (5th Cir. 1976), the former Fifth Circuit established that the terms "principal activity or activities" are to be liberally construed to encompass "any work of consequence," and that the Portal-to-Portal Act must be read in conjunction with the rest of the FLSA. *Id.* at 398. In so doing, *Dunlop* explained that "the excepting language of [§ 254] was intended to exclude from FLSA coverage only those activities predominantly spent in the employees' own interests." *Id.* (internal citations and quotation marks omitted). In other words, where the activities at issue are "undertaken for the employees' own convenience," "not being required by the employer," and "not being necessary for the performance of the [employees'] duties" to the employer, they are fairly construed as non-compensable. *Id.* However, when an employer derives

"significant benefit" from the activity at issue, that activity is principal to the performance of the work for which the plaintiffs are employed, and is therefore compensable. *Id.* at 399. Put simply, where the activity is "'an integral and indispensable part of the principal activities for which [the employees] are employed,'" the Portal-to-Portal exemption does not apply. *Id.* (quoting *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956)).

Here, as explained earlier, the employees under county policy were required to drive their personal vehicles to a county parking site to retrieve a county vehicle before going to the first work site of the day. At the end of each workday the County required the employees to return the county vehicle to the parking site, not only because the employees obviously needed to get back their personal vehicles, but also because the County required its vehicles to be stored in secure locations overnight. The County understandably did not want its vehicles left at unattended work sites overnight as they would be vulnerable to theft or vandalism. The County also did not permit its employees to drive the county vehicles home because they sought to avoid the costs associated with potential abuse of the vehicles for personal or unofficial use. Ultimately, the employees who used the county vehicles had no choice but to begin and end their work day not at a work site, but at a county parking facility. And without the county vehicles the

15

employees could not perform the principal activities for which they were employed -- driving throughout Hillsborough County and inspecting public works construction sites. Needless to say, getting a county vehicle from the parking site and driving it to the first work site and returning it to the parking site was integral and indispensable to the plaintiffs' principal activities.

While the employees certainly benefitted from the use of county vehicles -- including the money saved by not having to use their personal vehicles -- that alone does not make the time spent traveling to and from the parking sites non-compensable since that time significantly benefitted the county. *See Sec'y of Labor v. E. R. Field, Inc.*, 495 F.2d 749, 751 (1st Cir. 1974) ("The activity is employment under the Act if it is done at least in part for the benefit of the employer, even though it may also be beneficial to the employee."). The purpose of storing the county vehicle at a designated county parking site was to minimize the risk to the County of leaving its vehicles in unattended locations and to prevent employees from taking the vehicles home and potentially using the vehicles for personal reasons. That, in and of itself, solely benefitted the County, and acted as an inconvenient detour for the employees who at the end of the workday could not drive directly home. Under the County's policy the employees' workday could not begin or end without first going to the county parking site. This is no different

16

than an employee punching a time card to mark the beginning and end of the workday and thus the beginning and end of his or her obligation to the employer.

As explained previously, the county vehicles contained various tools the employees needed to perform their inspections at each work site. County policy required the employees to secure the tools in a lockbox in the county vehicle, and prohibited the plaintiffs from removing those tools from the truck. The district court based much of its rationale on the fact that the county vehicles contained these tools and that the employees were required to transport those tools. We find, however, that the existence of the tools in the truck, alone, does not affect the compensability analysis. That is, even if the county vehicles did not contain the tools, the employees would still have to pick up and leave the county vehicles at the county parking sites to get to and from the work sites and would still be barred from driving the county vehicles home. With or without the tools the requirement of going to the county parking site at the beginning and end of the day, for the reasons explained, constitutes a part of those employees' principal activities.

The First Circuit concluded similarly in *Field*. In that case, the employer hired a master electrician to perform electrical work at various construction sites. The employee reported to the employer's shop to pick up a truck containing tools and supplies used occasionally at the job sites. The employee brought an FLSA

17

suit against the employer seeking overtime compensation for the time spent driving from the construction site back to the shop to drop off the employer's truck. The First Circuit held that the employee was entitled to overtime compensation for the time spent traveling from the job site to the shop to return the company vehicle. 495 F.2d at 751. It explained that it was irrelevant whether the employee could have used his own vehicle to reach the job site or whether the tools were in the truck or stocked at the job site. *Id.* "The crucial question is . . . whether the (employee) was in fact performing services for the benefit of the employer with the knowledge and approval of the employer." *Id.* (internal citations and quotation marks excluded). The fact that employees were required to return the vehicle was enough to make the time compensable. We find *Field* persuasive.

We also conclude that the time the employees spent traveling to and from the parking sites was not *de minimis* and is therefore not excluded from FLSA coverage on those grounds. The Supreme Court in *Anderson* explained the *de minimis* rule as follows:

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

*Anderson*, 328 U.S. at 692. When applying the *de minimis* rule to otherwise compensable time, the following considerations are appropriate: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984).

First, though the record in this case does not explain precisely how the County logs employee hours for purposes of calculating over time compensation, it would seem that at the very least it currently tracks when its engineers arrive at the first work site and when they leave from the last work site each evening. In order to compensate its engineers for the time spent driving to and from the county parking sites, it is at least plausible that the County could instead simply record the time at which each engineer picked up the vehicle at the beginning of the day and the time at which the engineer returned the county vehicle to the parking site at the end of the day. We see no practical difference between these two exercises, and therefore, no administrative difficulty in recording the additional time.

Second, Kenneth Burton stated in his affidavit that he spent an average of 45 minutes to an hour and a half driving from the parking site where he picked up the county vehicle to the first job site, and a similar amount of time driving from the last job site to the parking site at the end of the day to return the county vehicle (or

19

a total of one and one half to three hours per day). There is no evidence in the record refuting Mr. Burton's assertions or suggesting that the drive to and from the county parking site took less time. Nor does the record suggest that Mr. Burton would not have taken as long to travel to the work site had he taken his own vehicle to and from the work site without making the intervening stop at the county's parking site. Accordingly, we have no reason to conclude that time spent traveling amounts to a mere trifle.[8]

Finally, the employees engaged in the drive to and from the parking site each day of the week. There is no question that the drive was a regular part of their workday. We therefore conclude that travel to and from the parking site was not *de minimis*.

IV.

Finally, the County's contention that the employees have not sufficiently pled the commute time claim is unavailing. The County moved *ore tenus* for judgment on the pleadings at a pretrial status conference on April 20, 2004. The district court denied the County's motion on the grounds that the employees'

---

[8]Based on a five-day workweek, on a weekly basis, time spent traveling to and from the parking site could range from seven and one half hours per week (1.5 x 5 = 7.5), at the low end of Mr. Burton's estimate, to fifteen hours per week (3 x 5 = 15), at the high end of Mr. Burton's estimate. This is not, of course dispositive, but it shows that the travel time is certainly much more than mere minutes' worth of work.

general assertion about the drive-time had been made clear to the County by this point in the proceedings -- via the general allegation of insufficient overtime compensation under the FLSA in the complaint, and subsequent informal conversations between the parties -- and that the County, therefore, had sufficient notice of the drive-time claim. The County moved for judgment on the pleadings again when it moved for summary judgment. The district court again denied that motion for the same reasons on which it relied at the status conference. We agree with the district court.

A complaint for overtime wages under the FLSA must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. To state a cause of action under the FLSA, a plaintiff is not required to allege that the Act's exemptions are inapplicable. *See Schmidtke v. Conesa*, 141 F.2d 634, 635 (1st Cir. 1944). A statutory exemption is a matter for the defendant to allege as a special defense. *Id. See also Clyde v. Broderick*, 144 F.2d 348, 349-51 (10th Cir. 1994) (in action under FLSA to recover overtime wages, pleader is not required to do more than make a "short and plain statement" of facts upon which he relies to establish his claim that he and his fellow employees were engaged in commerce or in production of goods for commerce within the Act).

Here, the employees alleged that the County failed to compensate them for time worked in excess of 40 hours per week. The complaint, however, makes no reference specifically to the fact that some of the overtime was attributed to driving to and from the county parking sites. The County contends that "a basic requirement to maintaining a cause of action under the ECFA *should* be a pleading in which employees assert how their commutes are excepted from the operation of the ECFA (e.g, that the commutes are outside the normal commute areas or that there is no agreement)." The County's argument, however, is unavailing. First, "[w]hile it may well be preferable to plead different theories of recovery in separate counts, it is not required." *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004). Second, the County erroneously suggests that the employees should have alleged a cause of action under the ECFA rather than the FLSA. The ECFA acts as an exclusion to FLSA coverage, and accordingly serves as a defense which employers can raise, rather than as a separate cause of action that a plaintiff must allege. *See Schmidtke*, 141 F.2d at 635. *See also La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("'plaintiffs [are] not required to negate an affirmative defense in their complaint.'") (citation omitted). To state a cause of action under the overtime provisions of the FLSA a plaintiff need not anticipate a potential defense under the ECFA in his complaint by having

22

to allege that the overtime compensation it seeks to recover consists specifically of travel time not covered by the FLSA exempt travel time under the ECFA. Neither the FLSA nor the relevant case law contemplate, let alone require, such a heightened pleading standard for overtime wage claims. The County has provided no persuasive authority suggesting that we should impose such a heightened pleading requirement now.

Furthermore, because the employees allege that the County failed to compensate them for time worked in excess of 40 hours per week, and we take those allegations as true, the County is not entitled to judgment as a matter of law under the FLSA. As previously explained, the ECFA does not treat all travel in an employer's vehicle as non-compensable, and here the time spent driving to and from the parking site was compensable.

V.

For the reasons set forth above, the district court's order granting summary judgment in favor of the employees and denying the County's motion for judgment on the pleadings is affirmed.

AFFIRMED.