WARNER, J.
Brunna Martins appeals the trial court’s order of final summary judgment in favor of her former employer, MRG of South Florida, Inc., on her complaint for violations of the Fair Labor Standards Act (“FLSA”). She claims that many material issues of fact remain as to whether she was paid less than the minimum hourly wage because of various practices of MRG. We agree that material issues remain and reverse for further proceedings.
Martins filed suit against her former employer, MRG, for alleged FLSA violations while she worked as a cocktail waitress. In her complaint, Martins alleged that she was paid less than the legal minimum wage by virtue of the fact that MRG took a “tip credit” for hours Martins was in training and not earning tips. Martins also alleged that she was required to pay for her own uniform and was charged for customer walk-outs and breakages, also causing her hourly wage after tips to fall below the minimum wage. She further alleged that she was encouraged to stay after work and socialize with customers for about an hour a week, but was not paid for this time. Finally, Martins alleged that she was never paid commissions owed to her by MRG for bottle sales. MRG generally denied all of the allegations in the complaint, and moved for summary judgment.
In its motion for summary judgment, MRG asserted that even if taken as true, the allegations made by Martins did not establish any FLSA violation. Primarily, it argued that even if Martins was paid a reduced wage for training and was required to maintain her own uniform and pay for breakage and walkout expenses, Martins’ employment records and tax returns showed that she never earned less than $4.23 per hour, the allowable minimum wage in Florida *707 for tipped employees. In support of its motion, MRG submitted the affidavit of its controller, stating that: MRG did not take any deductions from Martins’ pay; Martins’ work hours were never reduced; staying after hours to socialize with customers was never part of Martins’ job; and, Martins failed to turn in her bottle sales receipts within the time frame necessary for her to receive commissions. It also filed Martins’ deposition and accompanying exhibits, in which Martins testified that she was paid $4.23 an hour for training and “meetings.”
Martins filed affidavits and deposition excerpts in opposition to the motion, although they were late-filed. It is unclear whether the trial court considered them. Because of their untimeliness, on appeal, we have not considered them but rely on the complaint as well as the filings by MRG.
“The standard of review of an order granting summary judgment is de novo.” Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). “[Sjummary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain .... It is the burden of the moving party to conclusively prove that no genuine issue of material fact exists.” Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999) (internal citation omitted). MRG fails to recognize this standard in its brief and repeatedly states that Martins failed to carry her burden of proof, entitling it to summary judgment.
FLSA requires that employers pay employees a minimum hourly wage. 29 U.S.C. § 206 (2006). During the time Martins worked for MRG, the federal minimum wage was $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). FLSA contains a provision which allows an employer to pay its tipped employees less by taking a “tip credit” for the difference between the reduced wage and the regular minimum wage. 29 U.S.C. § 203(m). A “tipped employee” is defined as “any employee engaged in an occupation in which he [or she] customarily and regularly receives not less than $30 a month in tips.” 29 U.S.C. § 203(t). The highest tip credit an employer can take under the FLSA is minimum wage minus $2.13 per hour. 29 C.F.R. § 531.59(a) (2009). Under Florida law, the highest tip credit an employer can take is $3.02 per hour. Art. X, § 24(c), Fla. Const. Thus, during the relevant time period in Florida, an employer could pay a tipped employee direct wages as low as $4.23 an hour.
An employer who takes the maximum tip credit must demonstrate that the employee actually received at least that amount in actual tips. 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b). After tips, the employee must always earn at least the minimum wage, which in this case was $7.25 per hour. Importantly, “[t]he defendant bears the burden of establishing that it is entitled to claim the ‘tip credit.’ ... Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is ‘entitled to the full minimum wage for every hour worked.’ ” Ash v. Sambodromo, LLC, 676 F.Supp.2d 1360, 1369 (S.D.Fla.2009) (quoting Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir.1979)) (additional internal citation omitted).
MRG did not refute Martins’ claim that MRG took a “tip credit” for her time in training, because it claims that it was entitled to claim credit for training hours. Merely because Martins may have been a “tipped employee” does not mean that all hours that Martins worked allowed MRG to take a “tip credit” against the minimum wage. See, e.g., Fast v. Applebee’s *708 Int'l Inc., 638 F.3d 872 (8th Cir.2011) (affirming district court’s order denying summary judgment in employer’s favor when employer took tip credit for non-tipped duties performed by wait staff in excess of 20% of hours worked); Myers v. Copper Cellar Corp., 192 F.3d 546, 549-50 (6th Cir.1999) (noting that 29 C.F.R. § 531.56(e) “illustrates] that an employee who discharges distinct duties on diverse work shifts may qualify as a tipped employee during one shift” but not another). Whether an employer can take tip credit against training depends upon the facts of each case as to whether an employee is a “tipped employee” for the hours for which the “tip credit” is being claimed. 29 C.F.R. §§ 531.51 & 531.59(b). Those facts are in dispute in this case, and thus MRG is not entitled to judgment as a matter of law.
MRG also has failed to conclusively refute Martins’ claim that her cost to purchase the required cocktail waitress uniform should have been deducted from her wages, thus reducing them below the minimum wage. While it claims that its required dress of certain tights, stockings, high-heels and corsets did not constitute a “uniform,” other courts have disagreed. See Reich v. Priba Corp., 890 F.Supp. 586, 596-97 (N.D.Tex.1995) (ruling that facts showed cocktail waitresses were required to purchase their own uniform consisting of black shoes, black bodysuit, tights, fishnet stockings, and a wide belt). If proven true, the uniform expenses claimed by Martins caused her to earn less than the minimum wage. Although MRG itself seems to acknowledge that Martins may have earned less than the minimum wage, it argues that there was no FLSA violation because her wages never fell below the reduced minimum wage for tipped employees, which was $4.23 per hour. However, a tipped employee must always earn at least the regular minimum wage after tips. 29 U.S.C. § 203(m); 29 C.F.R. § 531.59. Thus, by deducting the cost of the uniform from the cash wages paid, Martins was paid less than the minimum wage.
Summary judgment should also not have been entered on the customer walkout/breakage issue. MRG mistakenly argues that Martins has no claim on this issue because the facts show that MRG did not actually make any deductions from Martins’ pay for walk-outs and breakages. This does not mean, however, that Martins did not have to pay for such walk-outs and breakages. Indeed, Martins testified in her deposition that she was required to pay for customers’ walk-out tabs in cash, presumably out of her tip money. If the amount Martins paid in walk-outs caused her aggregate wages to fall below the minimum wage in a given week, an FLSA violation may have occurred. See Brennan v. Haulover Shark & Tarpon Club, Inc., 1986 WL 587 (S.D.Fla. Jan.27, 1986) (ruling that employer violated the minimum wage provisions by requiring waitresses to pay, out of their cash tips, for shortages caused by “walk-outs,” mistakes in addition, and returned credit card charges). Since the amount Martins paid for walk-outs and breakages is an issue of fact to be determined, summary judgment was not appropriate.
Martins next argues that there were issues of fact regarding whether she was required to stay after her shift and market to customers without pay. MRG counters that Martins was not marketing in furtherance of MRG, but was just trying to get free drinks. This is a classic disputed issue of fact. It also asserts that even if Martins was marketing, it was not required to pay her for the time because it was postliminary to her principal employment activities. Finally, it argues that even if Martins was performing a principal employment activity, there was no FLSA *709 violation because the uncompensated time was de minimis.
MRG is correct that under the FLSA, an employer does not have to compensate an employee for activities that are preliminary or postliminary to the employee’s principal employment duties. 29 U.S.C. § 254(a)(2). However, establishing the activity being conducted and whether that activity was preliminary or postliminary requires factual determinations. See Nichols v. City of Chicago, 789 F.Supp. 1488, 1441 (N.D.Ill.1992) (ruling that an employer was not entitled to summary judgment because “[wjhether an activity is preliminary or postliminary to a principal activity is a question of fact”); Mitchell v. Se. Carbon Paper Co., 228 F.2d 934, 938 (5th Cir.1955) (the determination of whether an uncompensated activity is a principal employment activity is a question of fact).
Although there is no FLSA violation where the matter in issue concerns a de minimis amount of time beyond the scheduled working hours, the issue of whether the time is de minimis is itself an issue of fact. The federal regulation pertaining to the de minimis doctrine allows for only minutes or seconds, not extended periods of time:
In recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are de minimis. (Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)) This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee’s fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.
29 C.F.R. § 785.47 (emphasis supplied).
In considering whether an activity is de minimis, the following factors apply: “ ‘(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work.’” Burton v. Hillsborough Cnty., Fla., 181 Fed.Appx. 829, 838 (11th Cir.2006) (quoting Lindow v. U.S., 738 F.2d 1057, 1063 (9th Cir.1984)). MRG did not present any evidence that it would be difficult for it to record the additional time spent by Martins marketing, the amount of aggregate time claimed is a significant amount (about 30 hours)[1], and Martins claims that the additional work occurred on a regular, weekly basis. MRG failed to conclusively refute Martins’ claim.
Lastly, Martins argues that whether MRG owes her commissions for bottle sales is also a disputed issue of fact. MRG argues that Martins did not comply with its policies regarding the timeframe for receiving commissions. However, Martins testified in her deposition that MRG did not have any such policies. Accordingly, MRG’s entire argument rests on an unresolved issue of fact of the existence of policies that Martins supposedly violated. Summary judgment was not appropriate.
For the foregoing reasons, we conclude that material issues of fact remain on every issue raised by Martins. We therefore *710 reverse the final summary judgment for further proceedings on Martins’ claims.
GERBER and LEVINE, JJ., concur.

. Martins claimed she was required to socialize with customers after work for about an hour a week, and she worked for MRG for about 30 weeks.