# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2021

Lyle W. Cayce
Clerk

No. 19-30763

KENDRICK BENNETT, *individually and on behalf of all others similarly situated*; COURTLANDE COLLINS, *individually and on behalf of all others similarly situated*,

*Plaintiffs—Appellants*,

*versus*

MCDERMOTT INTERNATIONAL, INCORPORATED; CHICAGO BRIDGE & IRON COMPANY; CHIYODA INTERNATIONAL CORPORATION; CAMERON L N G, L.L.C.; C B & I, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
2:19-CV-158

Before WIENER, COSTA, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

In this Fair Labor Standards Act collective action, Plaintiffs allege that the defendant companies, their employers, forced them to spend hours

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

waiting for and riding on buses to access a rural worksite. Plaintiffs want to be compensated for this time. They argue that the unique nature of the mandatory transportation system renders their commute time compensable under the FLSA and the Louisiana Wage Payment Act.

The problem is that compensability under the FLSA turns on whether an activity is "integral and indispensable" to the work an employee is "employed to perform." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 30 (2014). The named plaintiffs were employed as a welding foreman and a pipefitter.[1] And they fail to allege that they performed activities related to welding or pipefitting during their travel time. Further, Plaintiffs concede that they had no agreement with Defendants regarding the compensability of their commute time, dooming their LWPA claims, as the Louisiana statute only covers agreed-upon wages. La. R. S. § 23:631.

For these reasons, we agree with the district court's dismissal of Plaintiffs' claims. We disagree, however, that dismissal of the FLSA claims should have been with prejudice. Thus, we affirm the dismissal of the LWPA claims but vacate and remand the dismissal of the FLSA claims, with instructions to dismiss those claims without prejudice.

I

Defendants entered into a contract relating to a natural gas liquefaction facility in Hackberry, Louisiana. To move forward with their joint venture, Defendants needed approval from the Federal Energy Regulatory Commission. FERC approved the project subject to several conditions—one of which concerned traffic congestion, as Hackberry is a rural location whose only point of access is a small state road. Defendants

---

[1] Hundreds of other employees, with job titles ranging from crane operators to electricians, have opted into the lawsuit.

No. 19-30763

agreed to mitigate the traffic issue by implementing a transportation system for the workers hired to build the liquefaction facility. The parties disagree about whether the project could have gone forward without the transportation scheme. The workers characterize the scheme as a precondition to regulatory approval whereas the companies allege that FERC "merely incorporated" their proposed transportation system.

The transportation system requires workers to ride employer-provided buses to and from the liquefaction facility. To get on a bus, workers must travel to designated park-and-ride sites. The workers allege that it is difficult to get a parking spot at the sites and that sometimes there are not enough seats on the buses. As a result, workers need to get to the park-and-ride sites hours early, and if they miss the bus at that first site, they have to drive to another one. Workers are prohibited from using their own vehicle to commute to or from work, even if the bus is full or they live closer to the job site than to the park-and-ride site. Plaintiffs allege that this commuting process can take "several hours" each day, yet they are not compensated for this significant amount of time.

Plaintiffs sued Defendants under the Fair Labor Standards Act and the Louisiana Wage Protection Act, seeking regular wages and overtime wages (depending on an individual's total weekly hours) for time spent commuting via the mandatory bus system.[2] In response, Defendants filed a flurry of motions to dismiss. On several occasions throughout the motion-to-dismiss briefing, Plaintiffs requested leave to amend the pleadings.

---

[2] Plaintiffs allege that both the time they spent waiting for the buses and commuting on the buses is compensable. Because wait-time claims are analyzed under the same standards as commute-time claims, *Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994), we analyze the two claims together.

The district court dismissed all of Plaintiffs' claims. The court held that the Portal-to-Portal Act, which amended the FLSA to exempt commute time, barred Plaintiffs' claims. The court further decided that the FLSA preempted the state-law LWPA claims. In its preemption analysis, the district court also noted that Plaintiffs failed to allege a violation of the LWPA, which only covers "agreed-upon" wages. Finally, the court denied Plaintiffs' request to amend the complaint because Plaintiffs failed to articulate how they would cure the complaint's legal infirmities. Plaintiffs timely appealed.

## II

We review a district court's ruling on a motion to dismiss de novo, "taking the actual allegations of the complaint as true, and resolving 'any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.'" *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). We review a district court's denial of leave to amend for abuse of discretion. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000).

## III

Because this appeal concerns the interaction between the FLSA, statutory amendments to the FLSA, and a Louisiana wage statute, we first provide a brief introduction to each law.

The FLSA, enacted in 1938, sets a minimum wage and requires overtime pay for employees who work more than forty hours in a workweek. 29 U.S.C. § 201, *et seq.* But the FLSA does not define "work." The Supreme Court initially took a broad view of "work" when applying the FLSA, construing the term to cover travel time, such as "time spent traveling between mine portals and underground work areas, and the time spent walking from timeclocks to work benches." *Busk*, 574 U.S. at 31 (internal citations omitted).

This expansive view "provoked a flood of litigation," and "Congress responded swiftly" by passing the Portal-to-Portal Act. *Id.* at 31–32. The Act amended the FLSA by exempting employers from liability for two categories of work-related activities: "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a). As to the first category, Department of Labor regulations emphasize that "[n]ormal travel from home to work" is not compensable. 29 C.F.R. § 785.35.

Congress then amended the Portal-to-Portal Act through the Employee Commuting Flexibility Act. *See* Pub. L. No. 104–188 § 2102, 110 Stat. 1755, 1928 (1996) (codified at 29 U.S.C. § 254(a)). The ECFA states that when an employee uses an employer's vehicle for travel to and from work, that travel time is not "part of the employee's principal activities" (and thus not compensable) if two conditions are met: (1) "the use of such vehicle for travel is within the normal commuting area for the employer's business"; and (2) "the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee." 29 U.S.C. § 254(a). Under the ECFA, "merely commuting in a[n] [employer]-owned vehicle is insufficient; the plaintiffs must perform additional legally cognizable work while driving to their workplace in order to compel compensation for the time spent driving." *Adams v. United States*, 471 F.3d 1321, 1325 (Fed. Cir. 2006).

Unlike the FLSA and its amendments, the Louisiana statute at issue, the LWPA, does not establish a minimum wage or overtime protection. *See* La. R. S. § 23:631; *Joffrion v. Excel Maint. Servs., Inc.*, 2011 WL 5190524, at *2 (M.D. La. Sept. 20, 2011), *report and recommendation adopted*, 2011 WL 5238795 (M.D. La. Oct. 31, 2011) ("This Court has previously recognized

that Louisiana does not have a state statute that provides for the recovery of overtime wages absent a contract to pay overtime. Absent a contract, payment of overtime wages is governed exclusively by the FLSA."). Nor does it mention commute time. Instead, the statute provides that contracted-for wages—"the amount then due under the terms of employment"—must be paid to an employee within a certain time frame after termination or resignation. La. R. S. 23:631(A)(1)(a).

Plaintiffs argue that the time spent riding the buses to and from the job site is compensable under both the FLSA and LWPA. Defendants counter that the commute time is just that—commute time involving no actual work connected to Plaintiffs' construction jobs. Defendants also assert that the FLSA preempts the LWPA. Even if there is no preemption, Defendants argue that Plaintiffs failed to state a cognizable claim under Louisiana law. Finally, Plaintiffs argue that the district court improperly denied their request to amend the complaint.

We first address the federal claims (FLSA) then turn to the state-law claims (LWPA). We end by discussing Plaintiffs' request for leave to amend.

A

Generally speaking, work-related activities that take place before and after hours are compensable only if they are "an integral part of" and "essential to the principal activities of the employees." *Steiner v. Mitchell*, 350 U.S. 247, 254 (1956). The Supreme Court has explained that an activity is "integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Busk*, 574 U.S. at 33. Thus, integral and indispensable equals compensable.

For example, the Supreme Court has held that changing clothing and showering at a battery factory (to remove battery fluid), as well as sharpening knives at a meatpacking facility, were integral and indispensable, even though these activities fell outside regular work hours. *Id.* at 34 (citing *Steiner*, 350 U.S. at 249, 251 (battery plant) and *Mitchell v. King Packing Co.*, 350 U.S. 260, 262 (1956) (meatpacking facility)). On the contrary, the Court has held that the time poultry-plant employees spent "waiting to don protective gear" was not integral and indispensable. *Busk*, 574 U.S. at 34 (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 42 (2005)). That is because the waiting time was "two steps removed from the productive activity on the assembly line." *IBP, Inc.*, 546 U.S. at 23. Similarly, the Supreme Court found noncompensable the time employees spent going through security screenings because the defendant "did not employ its workers to undergo security screenings, but to retrieve products from warehouse shelves and package those products for shipment." *Busk*, 574 U.S. at 35.

While commuting to work is necessary for any job, Congress and the Supreme Court have made clear that FLSA coverage is tied to the employee's "principal activity"—the work the "employee is employed to perform." 29 U.S.C. § 254(a). That is why "[n]ormal travel from home to work is not" compensable "worktime." 29 C.F.R. § 785.35. Travel time becomes compensable, however, if it is intertwined with the employee's principal activities, "such as travel from job site to job site during the workday." 29 C.F.R. § 785.38. Employers must also pay for time spent traveling to and from work if the employee is doing actual work while traveling. *See* 29 C.F.R. § 785.41; *DA&S Oil Well Servicing, Inc. v. Mitchell*, 262 F.2d 552, 555 (10th Cir. 1958). When no work is performed, other circuits have routinely held that commute time, even time spent on an employer-mandated transportation system, is not compensable. *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1343 (11th Cir. 2007) (mandatory vans

from security checkpoint to job site); *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1290 (10th Cir. 2006) (carpool from convenience store to drilling location); *Smith v. Allegheny Tech., Inc.*, 754 F. App'x 136, 140 (3d Cir. 2018) (unpublished) (mandatory shuttle from hotel to plant). As our caselaw has developed, we have reached the same conclusion.

First in *Vega v. Gaspar*, we held that the employers were not liable under the FLSA for time their employees spent on voluntary bus rides from El Paso to the farm fields. 36 F.3d 417 (5th Cir. 1994), *abrogated on other grounds*, *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 228 (5th Cir. 2017). This was so even though the bus trip took several hours each workday. *Id.* at 424. In holding that the travel time was "ordinary to-work or from-work travel," we emphasized that even though the employees received some information during the trip about their workday, the employees voluntarily used the bus system and did not perform any actual work on the bus. *Id.* at 425.

Then in *Griffin v. S&B Engineers & Constructors, Limited*, an unpublished decision, we extended the *Vega* analysis to mandatory bus systems. 507 F. App'x 377 (2013). We held that the "mandatory busing scheme arrangement [was] simply normal traveling time." *Id.* at 382.

Defendants argue that *Griffin* "conclusively precludes" Plaintiffs' claims. Our unpublished cases are not precedent and therefore cannot conclusively preclude anything. *See* 5th Cir. R. & IOP 47.5.4. Nevertheless, our reasoning in *Griffin* applies here. We first noted in *Griffin* that the mandatory nature of the transportation scheme did not necessarily render the commute time compensable. *Griffin*, 507 F. App'x at 383. The Third, Tenth, and Eleventh Circuits have all held the same. *See Bonilla*, 487 F.3d at 1343; *Smith*, 462 F.3d at 1290; *Allegheny Tech., Inc.*, 754 F. App'x at 136. We also relied on DOL interpretative statements, which explain that commute time,

including "riding on buses between a town and outlying mine or factory where the employee is employed," is usually not compensable. *Griffin*, 507 F. App'x at 383 (citing 29 C.F.R. § 790.7(f)). In sum, our *Griffin* opinion explained that whether commute time is compensable does not depend on the logistics of the travel scheme. It depends on whether work is done during the travel.

Plaintiffs distinguish *Griffin* in two ways. First, they focus on the enterprise as a whole—they argue that the transportation plan is an "integral part" of the project because the project would not have gone forward without FERC's approval of the plan. Second, Plaintiffs emphasize how inconvenient and time consuming the mandatory scheme is. Employees must arrive at the park-and-ride sites hours early to ensure they have a seat on the bus. And some employees must travel past the worksite to catch a bus traveling in the opposite direction to start work. Neither argument is consistent with the text and purpose of the FLSA.

What the FLSA, the Portal-to-Portal Act, and the ECFA make clear is that commuting, by itself, is logistical—not integral and indispensable. Congress passed the Portal-to-Portal Act, which specifically exempts commute time, to overturn the Supreme Court's broad definition of "work," which previously included time spent "riding on buses between a town and outlying mine or factory." 29 U.S.C. § 254(a); 29 C.F.R. § 790.7(f). And the ECFA makes clear that even commute time spent driving an employer's vehicle is often not compensable.[3]

Further, the FLSA test for compensability is whether the activity is "integral and indispensable" to the *employee's* "principal activities." As

---

[3] At oral argument, Plaintiffs' counsel conceded that the "ECFA doesn't have a lot of effect on this case."

explained above, "principal activities" refers to the employee's work—the tasks the "employee is employed to perform." 29 U.S.C. § 254(a)(1). Plaintiffs want us instead to construe "principal activities" in reference to the Defendants—they even say as much in their complaint: "This wait time [for the buses] is not preliminary or postliminary activity; it is an integral part of Defendants' principal activities." Indeed, Plaintiffs' complaint refers to the Defendants' principal activities three separate times. This is not a faithful interpretation of the FLSA—a statute entirely concerned with when and how much an employer must pay for the activities of its employees. Plus, if we read the statute as referring to an employer's principal activities, then there is no limiting principle. Everyone would be entitled to commute-time compensation because an employee's commute is always necessary to the employer's work getting done.

We acknowledge that the employees spend a great deal of time on the mandatory bus system and that the busing system is inefficient for many employees. But those factors do not turn commute time into compensable work time under the FLSA. The line Congress chose to draw was whether the commute time involved work—work specific to what the employee is employed to do. *See Mitchell*, 262 F.2d at 555 (holding that commute time was compensable because truck drivers were "transporting equipment without which the principal activities could not be performed"); *Burton v. Hillsborough Cty*, 181 F. App'x 829 (11th Cir. 2006) (holding compensable commute time spent driving an employer-provided vehicle that carried necessary tools to a secure parking site after the workday ended). And Plaintiffs' only allegation that concerns the work they were employed to perform is that "[u]pon information and belief, employees are, *at times*, required to accept work calls and/or discuss job duties for that particular day while on the buses."

No. 19-30763

This allegation does not cross the compensability line—even at the motion-to-dismiss stage. In *Vega*, we held that the brief information concerning the day's work that the employees received during their commute did not transform the travel time into compensable time. *Vega*, 36 F.3d at 425. So even accepting Plaintiffs' allegation as true, the discussion of job duties on the bus is inadequate. That leaves only the allegation that "at times," the employees had to accept work calls. This statement is about sporadic work, and it is not particularized to Plaintiffs' jobs in any way. It therefore fails to meet the requisite level of plausibility that could convert the commute time into work time.[4]

To sum up, commuting is only compensable when the commute is connected to the employees' specific work obligations. Here, Plaintiffs fail to allege that they were working while commuting or that the commute was intertwined with their welding and pipefitting duties. They instead allege that the mandatory bus system is inefficient and integral to Defendants' joint venture. Even if discovery revealed the truth of these allegations, Defendants would not be liable for unpaid wages. The district court therefore properly dismissed Plaintiffs' FLSA claims.

B

The district court also dismissed Plaintiffs' state-law claims, holding that the FLSA preempted the LWPA. We need not reach the preemption issue, though, as Plaintiffs failed to state a claim under the LWPA. The

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

LWPA protects wages "due under the terms of employment." La R. S. § 23:631. To prove "terms of employment," a plaintiff need not show a written agreement existed; a "normal procedure" or "internal policy" will suffice. *See*, *e.g.*, *Blanton v. Malkem Int'l Co.*, 628 So. 2d 178, 182 (La. Ct. App. 1993).

Plaintiffs concede that no "express agreement exists" in which Defendants promised compensation for commute time. And allegations from the complaint indicate that neither internal policy nor normal practice mandated compensation for travel time. In the complaint, Plaintiffs allege that they cannot clock in until they get to the jobsite, and they are prohibited from putting travel time on their time sheets. These allegations undermine, if not entirely preclude, any argument that compensated commute time was a "term of employment."

Plaintiffs also argue that the travel time should be considered part of the "work" they were hired to do and thus an implicit term of their employment. Plaintiffs analogize their case to tort and workers' compensation cases where courts found that travel time was within the "scope" or "course" of employment. *See Jackson v. Long*, 289 So. 2d 205, 208 (La. Ct. App. 1974) (holding that for temporary worker dispatched to job site, an essential part of the temp agency's business was making sure the worker arrived at the site); *Orgeron v. McDonald*, 639 So. 2d 224, 227 (La. 1994) (holding that driving to unexpected second shift without going home in between was within scope of employment for vicarious liability). But these cases did not hold that the employers owed wages for travel time; they held that the employer was liable (vicariously or via workers' compensation) for accidents that occurred during travel within the scope of employment. In contrast, the LWPA requires that Plaintiffs prove they were owed wages under a "term of employment." Plaintiffs have failed to plead any such term

No. 19-30763

existed concerning their commute time.[5] The district court properly dismissed the LWPA claim.

## C

Finally, Plaintiffs argue that the district court abused its discretion by denying them leave to amend their complaint. District courts should "freely give leave" for parties to amend pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). We have stated that district courts should allow amended complaints "unless there is a substantial reason to deny" the request. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). For example, denial might be appropriate if the movant caused "undue delay," repeatedly failed to cure deficiencies, or if the amendments would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After reciting these standards, the district court first noted that Plaintiffs failed to "show how they would respond to the numerous legal deficiencies" in the complaint. The court also stated that it had devoted significant time and resources to the motions briefing.

The court did not abuse its discretion regarding the LWPA claims. This is because Plaintiffs concede that there is no relevant "term of employment"—an essential element of their claim. Thus, amendment would be futile. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) ("[I]f a complaint as amended could not withstand a motion to dismiss, then

---

[5] Also, in a related case with similar claims and the same defendants as here, a Louisiana district court dismissed the state-law claims with prejudice. *See Hampton v. McDermott International, Inc.*, 2019 WL 5617025 (W.D. La. Oct. 30, 2019). The district court in *Hampton* found no "agreement or understanding of any sort" that the companies would compensate workers for time spent on the mandatory bus system. *Id.* at *3.

the amendment should be denied as futile.") (quoting Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1489).

As to the FLSA claims, the district court did abuse its discretion by not giving ample weight to the early stage of the case and the fact that Plaintiffs had only amended once before. As we explained above, for commute time to be compensable, the commute must be connected to a plaintiff's specific work obligations. Plaintiffs have alleged that some employees engage in sporadic work on the bus rides. While this vague allegation fails to cross the plausibility line, it would not be futile to attempt to overcome this deficiency. Indeed, as Plaintiffs have pointed out, a similar case is pending before a different district court. *See Hampton*, 2019 WL 5617025, at *2. And the complaint in that case, against the same defendants and involving the same busing system, alleges more substantial work is happening during the bus rides. Given "the consequences of dismissal on the complaint alone," district courts "often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The district court here should do the same.

IV

The district court properly dismissed all of Plaintiffs' claims. But under the liberal pleading rules, Plaintiffs should get another bite at the FLSA apple. Therefore, we AFFIRM the district court's judgment as to the LWPA claims. But we VACATE and REMAND the judgment as to the FLSA claims, with instructions to dismiss those claims without prejudice.